IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| *ex rel.* DAVID W. STEBBINS, ) | |
| ) | |
| Plaintiff/Relator, ) | Civil Action No. 1:22-10 |
| v. ) | Judge Cathy Bissoon |
| ) | |
| MARAPOSA SURGICAL, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

### I.  MEMORANDUM

Defendants' Motion to Dismiss (Doc. 35) Plaintiff/Relator's Amended Complaint and Unopposed Motion for Judicial Notice (Doc. 37)[1] will be granted, for the reasons that follow.

Despite having zero connections to Defendants, Relator's primary allegation in this False Claims Act ("FCA") case is that, since at least 2009, Defendants Maraposa Surgical, Inc. d/b/a Allegheny Vein and Vascular and Robert W. Tahara, M.D. submitted materially false claims for reimbursement from Medicare Part B and Medicaid.  *See generally* Am. Compl. (Doc. 18). Specifically, Relator avers Defendants made false claims certifications to the federal government and failed to obtain sufficient informed consent from their patients for arteriograms and related procedures because they were performed in a physician's office rather than in an ambulatory surgical center ("ASC") or ASF licensed under certain Pennsylvania DOH regulations.  *See id*. at

---

[1] Defendants' Unopposed Motion for Judicial Notice relates in large part to the medical terms and regulatory provisions at issue and Defendant's 2018 presentation on the Pennsylvania Department of Health's ("DOH") proposed ambulatory surgical facility ("ASF") regulation, which are not reasonably subject to dispute.  After reviewing the related papers, the Court hereby grants Defendants' Unopposed Motion for Judicial Notice.  Judicial notice, however, extends only as far as recognizing what was publicly disclosed—not to the truth of the judicially noticed records.

¶¶ 3, 41-68.  Defendants move to dismiss Relator's Amended Complaint (Doc. 18), contending Relator's FCA claims are precluded under the public disclosure bar and/or falls short of stating a fraudulent claim with the particularity required by Rule 9(b) or stating a claim under Rule 12(b)(6).  The Court agrees that dismissal is appropriate.

First, the public disclosure bar provides that a court shall dismiss an FCA claim if "substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed," unless the relator is an original source of the information.  31 U.S.C. Section 3730(e)(4)(A)(i)-(iii).  The Court of Appeals for the Third Circuit uses the $Z=X+Y$ formula to determine whether a transaction of fraud already was disclosed publicly.  See United States v. Omnicare, Inc., 903 F.3d 78, 83-84 (3d Cir. 2018).  An inference of Z (fraud) exists if both X (misrepresented facts) and Y (true facts) are disclosed through the statutory enumerated public sources.  See United States ex rel. Zizic v. Q2Administrators, LLC, 728 F.3d 228, 236 (3d Cir. 2013).  "Where the fraud has been publicly disclosed . . . because the public documents set out . . . its essential elements $X+Y$ – a relator's claim will be barred so long as it is supported by or substantially similar to the public disclosures."  Omnicare, 903 F.3d at 84 (internal quotes and citation omitted).  The public disclosure bar "root[s] out . . . stifling parasitic lawsuits" where "anyone could identify a few regulatory filing and certification requirements . . . until he discovers a federal contractor who is out of compliance, and potentially reap[s] a windfall in a *qui tam* action under the FCA."  Schindler Elevator Corp. v. United States ex rel. Kirk, 563 U.S. 401, 413 (2011).  This case is a classic parasitic lawsuit.

Here, X and Y variables are both public, allowing anyone to deduce the alleged fraud attributed to Defendants.  The X variable (misrepresented facts) is Defendants' Form CMS-1500

2

claim submissions certifying that their six Current Procedural Terminology ("CPT") Codes[2] for office-based claims were eligible for reimbursement, which can be identified through the National Provider Identifier ("NPI") Registry and Centers for Medicare and Medicaid Services ("CMS") Payment Database.  *See* Am. Compl. ¶¶ 53, 68; Defs.' Br. (Doc. 36) at 7-11 (citing JN Exs. 15, 16, 19-A through 19-I, 20-A & 20-B).  The Y variable (true facts) is reflected in the Pennsylvania Bulletin and Pennsylvania DOH facility databases showing the ASF regulations and the absence of Defendants from the list of licensed ASCs.  *See* Defs.' Br. 10-11 (citing JN Exs. 21, 22-A through 22-D); Resp. (Doc. 45) at 3-4.  Because both X and Y exist, Relator's only claims (Counts 1 and 2) are dismissed under the public disclosure bar.[3]

      Relator's contention that the public disclosure bar is inapplicable fails for three reasons.  First, Relator does not dispute that the sources cited by Defendants were not statutory enumerated public sources, Resp. 1-5, and, in fact, did not oppose Defendants' Motion for Judicial Notice, *see* Defs.' Br. n.2, which includes such sources.  And, as the Court observes above, the X and Y variables were both public, allowing anyone to deduce that Defendants allegedly made false certifications when submitting their claims to the federal government and

---

[2] The CPT Codes assigned to Defendants' alleged false claims include 37225, 37227, 37229, 37238, 37252 and 37253.  Am. Compl. ¶ 53.

[3] For avoidance of doubt, the Court finds that the Pennsylvania Bulletin and Pennsylvania DOH facility databases and its contents referenced herein qualify as "news media" within the meaning of the FCA as such sources are published online.  31 U.S.C. § 3730(e)(4)(A)(iii); *see also* Defs.' Br. 7-9 (listing cases).  Additionally, the other online searchable databases and its contents referenced, here, the NPI Registry and CMS's Payment Database, qualify as an "other Federal report" and/or "news media" under the FCA.  31 U.S.C. § 3730(e)(4)(A)(ii)-(iii); *see also* Defs.' Br. 7-9 (listing cases).  Lastly, the parties dispute whether the 2018 presentation qualifies as "news media," *compare* Defs.' Br. n.10 *with* Resp. n.2; thus, the Court does not rely on such source and declines to analyze whether the 2018 presentation qualifies as a public record under the FCA.

failed to obtain sufficient informed consent from their patients when performing these procedures.  Thus, the public disclosure bar is triggered.

Second, Relator contends the public disclosure bar is inapplicable because he does not rely on the publicly available records and, instead, independently relies on Defendants' 2018 presentation warning of the proposed Pennsylvania certification requirements and an alleged conversation with Defendants and their affiliates.  Resp. 1-5; Am. Compl. ¶¶ 11, 15; Ex. 1, Am. Compl.  However, this ignores the text of the FCA and Third Circuit precedent that Relator's evidence was "substantially the same" as the publicly available records evidencing the alleged fraud by Defendants, which warrants the applicability of the public disclosure bar.  *See* 31 U.S.C. § 3730(e)(4); *see also* United States ex rel. Silver v. Omnicare, Inc., 903 F.3d 78, 89-90 (3d Cir. 2018) ("[T]he mere application of experience or deductive skills to [public] information or the addition of another allegation to the already articulated accusation of fraud does not create a new, non-barred, claim of fraud.").

Third, Relator's interpretation of Ominicare is misguided as Relator fails to identify how his allegations of fraud "exist[ ] *solely* by virtue of the relator's added information." *Id*. at 90 (emphasis added).

For these reasons, Relator's Amended Complaint will be dismissed with prejudice as amendment would be futile.[4]

---

[4] Relator did not allege—nor could he—that he was an original source who "materially add[ed] to the publicly disclosed . . . transactions." 31 U.S.C. § 3730(e)(4)(B)(2); *see also* Resp. 4-5.  Thus, the Court declines to address this exception.

Additionally, Relator's Amended Complaint will be dismissed for failure to plead fraud with particularity under Rule 9(b).  Relator argues that he had "separate conversations" with Defendant Dr. Tahara and some of his associates regarding this scheme.  Am. Compl. ¶¶ 11, 15.  But these factual allegations are vague at best and "rest on mere labels and conclusions."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); United States ex rel. Judd v. Quest

Relator also fails to state a claim under Rule 12(b)(6). "An [FCA] violation includes four elements: falsity, causation, knowledge, and materiality." United States ex rel. Petratos v. Genentech Inc., 855 F.3d 481, 487 (3d Cir. 2017). A failure to establish any of these elements is fatal to Relator's claims.

Regarding the element of materiality, the Court finds Relator has failed to allege facts showing that Medicare and Medicaid "would not have reimbursed . . . claims" for arteriograms and related procedures had it been aware of Defendants' alleged misrepresentations. United States ex rel. Druding v. Care Alts., 952 F.3d 89, 92 (3d Cir. 2020). Relator's reliance on "boilerplate language conditioning payment under Medicare and Medicaid on compliance with all laws and regulations [is] not sufficient to satisfy the demanding standard established in Escobar." United States v. Kindred Healthcare, Inc., 469 F. Supp. 3d 431, 450 (E.D. Pa. 2020) (citation omitted). Although the parties do not contend that the government had "actual knowledge" of Defendants' alleged violations, the government has paid Defendants since 2009, *see* ¶ 11, and CMS's Medicare Physician Fee Schedule's inclusion of the six CPT Codes Defendants have used for claim submissions and Novitas's LCD L35092, indicate that the alleged noncompliance is minor or insubstantial. *See* Universal Health Servs. v. United States ex

---

Diagnostics Inc., 638 F. App'x 162, 169 (3d Cir. 2015) (finding relator's allegations deficient under Rule 9(b) for failing to provide sufficient details or "reason to believe" claims were submitted). Relator relies, again, on the 2018 presentation, but this only suggests that Defendants believed the proposed ASF regulation may threaten vascular procedures, *id*. ¶ 13, not that Defendants took any action regarding the Medicare and Medicaid claims. This amounts to nothing more than "describing a mere opportunity for fraud," which "will not suffice." Judd, 638 F. App'x at 169 (quoting Foglia v. Renal Ventures Mgmt., LLC, 754 F.3d 157, 156 (3d Cir. 2014)). Further, even taking the allegations in the Amended Complaint as true, the evidence "merely allege[s] a belief that Defendant[s] at some point in time falsely certified" that the arteriograms and related procedures were performed in an ASC or properly licensed ASF. United States ex rel. Scalamogna v. Steel Valley Ambulance., 2018 WL 3122391, at *9 (W.D. Pa. June 26, 2018). "Without any supporting information or indicia of reliability, this claim cannot survive under Rule 9(b)." *Id*.; *see also* Foglia, 754 F.3d at 156.

rel. Escobar, 136 S. Ct. 1989 (2016).  Moreover, Relator fails to allege any facts indicating that "the Government consistently refuses to pay claims in the mine run of cases based on noncompliance with the particular statutory, regulatory, or contractual requirement."  *Id*. at 2003; *see generally* Am. Compl. & Resp.  Lastly, the Department of Justice's decision not to intervene after two requests for extensions, Docs. 3, 8 & 10, suggests to the Court that Defendants' noncompliance is immaterial.  Petratos, 855 F.3d at 490.  Taken together, the Court concludes Relator cannot establish materiality.

Similarly, the Court finds Relator has failed to establish falsity based on either of his fraudulent inducement, or express or implied false certification theories.  For his fraud theories, Relator relies on the general compliance with certifications in forms CMS-1500 and CMS-855I.  Am. Compl. ¶¶ 2-5, 27-31, 37, 45-52, 55-68, 74-81, 84-85.  Defendants argue that an FCA claim requires a relator to identify a specific *federal* payment requirement to establish falsity, *see* Defs.' Br. 15-19, but the Court finds this argument unpersuasive as none of the cited cases purport to require a relator to point to a *federal* payment condition, *see id*.  Nonetheless, as Defendants correctly argue, Defendants—neither as a facility nor as the individual provider— thwart the "conditions for payment set by the government."  United States v. Care Alternatives, 952 F.3d 89, 97 (3d Cir. 2020).  Here, Relator conflates facility licensure with individual provider licensure and regulations dealing with hospitals versus physician offices.  *See* Defs.' Br. 15-21.  Pennsylvania law explicitly excludes physicians' offices, like Defendant Maraposa Surgical, from Pennsylvania DOH's licensing jurisdiction to be subject to the ASF rules, *see* 35 Pa. Stat. § 448.802a ("The term health care facility shall not include an office used primarily for the private practice of a health care practitioner."), and Defendant Dr. Tahara is a licensed physician, *see* Am. Compl. ¶¶ 16-17.  Further, Relator's allegation that Defendants failed to

obtain adequate informed consent from their patients prior to administering anesthesia, *see* Am. Compl. ¶¶ 5, 51-52, 63-65, 74, is unavailing as such allegations are more "akin to a medical malpractice action and not an FCA action," United States ex rel. Lord v. NAPA Mgmt. Servs. Corp., 2017 WL 5450757, at *10 (M.D. Pa. Nov. 14, 2017) (citing Escobar, 136 S. Ct. at 2004), given the adequacy of consent "reflect[s], at most, a difference of opinion . . . about what constitutes informed consent under the circumstances[,] which does not constitute a false claim under the FCA," *id*. at *11.  Thus, the Court finds Relator cannot establish falsity.[5]

The Court hereby enters the following:

## II.  ORDER

Based on the foregoing, the Motion to Dismiss (Doc. 35) and Unopposed Motion for Judicial Notice (Doc. 37) filed by Defendants Maraposa Surgical, Inc. d/b/a Allegheny Vein and Vascular and Robert W. Tahara, M.D. are **GRANTED**.  Judicial notice, however, extends only as far as recognizing what was publicly disclosed—not to the truth of the judicially noticed records.  Relator's Amended Complaint, which only includes Relator's FCA claims (Counts 1

---

[5] With respect to the element of knowledge, and for substantially the same reasons Relator's claims fail under Rule 9(b), Relator has failed to allege any facts that suggest scienter—that Defendants knowingly violated any payment condition.  Although the Court recognizes that such an inquiry typically is saved for the summary judgment stage, Relator's most specific assertion is the 2018 presentation, which merely alleges Defendants' awareness of Pennsylvania DOH's proposed regulations—not whether Defendants submitted false claims for reimbursement.  And as an outsider without any ties to Defendants, it is implausible for this circumstantial evidence to overcome Relator's lack of personal knowledge to "create[ ] a strong inference that specific false claims were submitted to the government." Scalamogna, 2018 WL 3122391, at *3 (citation omitted).  Accordingly, Relator cannot establish knowledge.

7

and 2), are **DISMISSED WITH PREJUDICE**.[6]  Judgment under Rule 58 will be entered forthwith, and the case marked closed.

March 27, 2024                                                s/Cathy Bissoon
                                                              Cathy Bissoon
cc (via ECF email notification):                              United States District Judge
All Counsel of Record

---

[6] For reasons that should be obvious, dismissal of Relator's claims will be with prejudice, as amendment would be futile.  Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010).